IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:17cr43 |
| v. | ) | |
| | ) | |
| WILLIAM R. HUTSENPILLER, | ) | |
| | ) | |
| Defendant. | ) | |

POSITION OF THE UNITED STATES IN REGARD TO SENTENCING

Now comes the United States, by its undersigned counsel, and for its position in regard to sentencing, states that it has one objection to the presentence report. The Government believes, as explained below, that the defendant should receive a four-level enhancement under Section 3B1.1(a) of the Sentencing Guidelines for the aggravating role that he played in committing the offense, instead of the three-level enhancement applied by the probation officer under Section 3B1.1(b). The defendant has indicated that he intends to object to any enhancement for role in the offense under Section 3B1.1.

A. **The Sentencing Guidelines**

Although a sentencing court may not presume that a sentence within the advisory Guidelines range is reasonable, the Guidelines remain a significant component of the sentencing process because the court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.S.G. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

<u>*The Defendant Should Receive a Four-Level Enhancement for Aggravating Role*</u>

Section § 3B1.1(a) of the Sentencing Guidelines provides for a four-level increase in the offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants *or* was otherwise extensive." (Emphasis added). The defendant is counted as a participant. <u>United States v. Fells</u>, 920 F.2d 1179, 1182 (4th Cir. 1990) (holding that the defendant himself, "as principal, should be included as a participant."). Moreover, the number of participants is immaterial if the criminal activity is "extensive." <u>United States v. Ellis</u>, 951 F.2d 580, 584-85 (4th Cir. 1991) (affirming district court's application of four-level increase under § 3B1.1(a) based on finding that criminal activity was "extensive," without regard to number of participants).

The agreed Statement of Facts (SOF) shows that for an extended period of time spanning approximately four years, the defendant conspired with Philip A. Mearing,[1] the owner of Global Services Corporation (Global) and Kenneth Deines, who was then the corporate controller of Global, to have the defendant receive illegal gratuities from Global. SOF ¶ 6. Mearing, Deines and the defendant constitute three participants.

In addition, Firm T was awarded a prime contract performing work for Norfolk Ship Support Activity, and the defendant, Mearing and Deines "discussed methods to direct Firm T to accept [Global] as its main subcontractor." SOF ¶ 7. Meetings in both Virginia and North Carolina and other private discussions "culminated in Firm T having to accept [Global] as its main subcontractor." SOF ¶ 7. The purpose of directing Firm T to use Global as its main

---

1 The Statement of Facts refers to an individual identified by the initials PAM and a Firm G. Subsequent to the filing of the Statement of Facts, a separate criminal case was filed against Philip A. Mearing, the owner of Global Services Corporation. 2:17cr94. PAM is Philip A. Mearing and Firm G is Global Services Corporation.

2

subcontractor was to permit the defendant to have "access" to Global, which was owned by Mearing, who was a willing participant in various illegal schemes, including holding back $5.1 million of unexpended Government funds that Global should have returned to the Government. SOF ¶¶ 7-9.  The defendant and Mearing discussed using $2.4 million of these unexpended funds to pay a $150,000 annual salary to the defendant as a Global employee after his retirement from Government service.  SOF ¶¶ 7-9, 11.  At the sentencing hearing the Government will present evidence that two or more individuals, in addition to the defendant, Mearing and Deines, participated in the illegal schemes to provide gratuities to the defendant and to direct Firm T to use Global as a subcontractor and to retain unexpended Government funds that should have been returned to the Government.  The Government's evidence will thus demonstrate that for the purpose of the role in the offense enhancement under U.S.S.G. §3B1.1(a) the criminal activity involved five or more participants.

     Nor is there any doubt that the defendant was an "organizer or leader" of the criminal activity.  It is immaterial that Mearing or Deines may also have occupied such a position, because "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1, comment. (n.4).  Here, the defendant, who was the civilian GS-15 Financial Department Head/Comptroller for Norfolk Ship Support Activity who oversaw its $200 million operating budget, was a co-conspirator with Mearing and Deines to "direct" Firm T, a prime contractor, to "accept" Global as its main subcontractor so that he would have "access" to Global.  SOF ¶ 7.  It was the defendant who improperly "directed" Firm T to pass $5.1 million of unexpended Government funds to Global. SOF ¶¶ 8,9.  And although Global was supposed to return any unexpended funds to the

3

Government or the prime contractor, it was the defendant who "would and did direct [Global] to expend the money held by [Global] on other tasks, to purchase various items that were for his personal use, and to permit funds to remain in [Global's] operating budget under the custody of [Mearing] and Kenneth Deines."  SOF ¶ 9.  Furthermore, it was the defendant who "discussed the use of $2.4 million of the unexpended funds retained by [Global] to be used to employ him at [Global] after his retirement from government service," and it was the defendant who "informed [Mearing] that he would require a yearly salary of $150,000 from [Global] if he decided to work there," which funds were "to be paid out of the approximately $2.4 million of excess government funds that Hutsenpiller had previously directed to [Global]."  SOF ¶¶ 9,11.  Finally, it was the defendant who "made several requests that [Global] provide him with various items of value and services for his personal use, which [Global] purchased with government funds."  SOF ¶ 10.  Unquestionably, the defendant was an organizer and leader of the criminal activity in this case.

Moreover, as noted, regardless of the number of participants, the enhancement under U.S.S.G. 3B1.1(a) applies if the criminal activity was "otherwise extensive."  The Statement of Facts reflects criminal activity that occurred over some four years, involving illegal gratuities and the manipulation of a Government contract to force a prime contractor to use a pre-selected sub-contractor, Global, so that unexpended Government funds totaling $5.1 million would be improperly retained by Global to fund, among other things, the purchase of illegal gratuities demanded by the defendant and the defendant's anticipated employment with Global after retiring from Government service.  Certainly, this constitutes extensive criminal activity over which he was an organizer and leader.  He is well-deserving of the four-level enhancement for role in the offense under U.S.S.G. § 3B1.1(a)

## B.  The Statutory Sentencing Factors

If the Court agrees with the Government's position that the defendant should receive a four-level enhancement based on his role in the offense as an organizer/leader, then the correct sentencing guidelines range is 41-51 months of imprisonment.  Although the Government has filed a separate motion under U.S.S.G. § 5K1.1 for a downward departure based on the defendant's substantial assistance to law enforcement authorities, any such departure should proceed from that range.  There is no valid basis for a separate downward variance based on the sentencing factors set forth in 18 U.S.S.C. § 3553(a).  The seriousness of the offense cannot be overstated.  Here the defendant, a GS-15 Financial Department Head/Comptroller for the Norfolk Ship Support Activity who oversaw its $200 million operating budget, conspired with others to essentially force a Government prime contractor to use a specified subcontractor, Global, that he knew would collaborate with him to misuse Government funds.  At his behest, the defendant directed the prime contractor to pass Government funds to Global, and in turn the defendant directed Global to withhold unexpended funds that should have been returned to the Government.  These funds were used for unauthorized purposes, including the purchase of illegal gratuities demanded by the defendant, who also informed the owner of Global that he would require a yearly salary of $150,000 to be paid out of $2.4 million of the excess funds if he became employed by Global after retiring from Government service.  There are simply no mitigating factors that justify a downward variance from the guideline range of 41-51 months' prison.  A sentence within that range, subject to any departure based on the defendant's substantial assistance, properly reflects the seriousness of the offense, promotes respect for the law and provides just punishment, which are among the statutory sentencing factors to be

considered in determining the appropriate sentence. The need for a sentence to afford deterrence, another one of the factors, is particularly significant in this case. An appropriate prison sentence will not only deter the defendant himself from committing any crimes in the future, but most importantly will also deter other Government employees with access to Government funds from committing fraud and other illegal acts.

### C. The Government's Recommendation

As noted, if the Court agrees that the defendant should receive a four-level enhancement for aggravating role, then the correct sentencing guideline range is 41-51 months of imprisonment. The Government intends to file a separate motion recommending that the Court depart downward from the guideline range based on the defendant's substantial assistance.

>             Dana J. Boente
>             United States Attorney
>
>
>   By:            /s/
>       Alan M. Salsbury
>       Stephen W. Haynie
>       Assistant United States Attorneys
>       United States Attorney's Office
>       101 West Main Street, Suite 8000
>       Norfolk, Virginia 23510
>       Tel. - 757-441-6331
>       Fax - 757-441-6689
>       Email – alan.salsbury@usdoj.gov
>       Email – steve.haynie@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

/s/
Alan M. Salsbury
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone Number - 757-441- 6331
Facsimile Number - 757-441-6689
E-mail Address - alan.salsbury@usdoj.gov