IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 2:17cr43

WILLIAM R. HUTSENPILLER

Defendant.

**POSITION OF THE DEFENDANT, WILLIAM R. HUTSENPILLER, WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, William R. Hutsenpiller, by counsel, and states as follows for his position on sentencing:

Counsel has reviewed the pre-sentence report and the addendum with the Defendant. There is one outstanding objection to the proposed enhancement for role in the offense. The defense contends that there should be no enhancement for role in the offense and that under the factors set forth in 18 U.S.C. § 3553, the Defendant should receive a sentence below the advisory guidelines.

I.  Role Enhancement U.S.S.G. § 3B1.1

The probation officer in the addendum to the pre-sentence report states that the Defendant should receive a three (3) point enhancement for role in offense. The United States is advocating for a four (4) point enhancement. The Defendant plead guilty to and was convicted of receiving gratuities based on his individual conduct in accepting electronic equipment as gratuities. The statement of facts

(Exhibits A, B, & C) in the cases of Kenneth John Deines, who on April 8, 2016, plead guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, Kenneth Dean Bricker, who on November 22, 2016, plead guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and Philip A. Mearing, who on June 27, 2017, plead guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 makes it crystal clear that Hutsenpiller was not a leader, manager or organizer of the scheme and thus he should not receive any enhancement. The scheme which ultimately led to Hutsenpiller receiving gratuities began in 2004 and was set up primarily by Mearing but with the help and direction of Deines, who was the comptroller for Mearing's company and with the help of Bicker, whose company provided false and inflated invoices. These three individuals created, managed, and organized the scheme which Hutsenpiller became involved in during 2010. At that point, the scheme had been ongoing for 6 to 7 years. Mr. Mearing has not been sentenced yet but per information received during the preparation for this case, neither Bricker nor Dienes received any enhancement for role in the offense under U.S.S.G. § 3B1.1. The Defendant got involved in an ongoing scheme that was begun by others, organized by others, and which apparently contained many aspects which the Defendant did not participate in and was not even aware of. The criminal conduct in this case applicable to the Defendant is the receipt of gratuities not the massive fraud scheme which was set up and run by Deines, Bricker and Mearing for years prior to any involvement by the

Defendant. The statement of facts in this case is very detailed and sets forth clearly the process and mechanics of the activities of the Defendant and others. It clearly sets forth that Global and Mearing dangled the prospect of post-government employment to the Defendant as one way of controlling and directing his involvement in a scheme set up for years before the Defendant became involved. The fact that the Defendant was in a position to control or direct funds does not mean that he was controlling, directing, leading or managing people involved in illegal activity.   The Defendant should not be given any enhancement for role in the offense and certainly not the maximum enhancement allowed under the guidelines for receiving gratuities under a scheme set up and used by others to get millions of dollars; none of which the Defendant received.

Counsel had an opportunity to review but not receive copies of the information that was provided to the probation office after the initial pre-sentence report which are apparently the basis for the proposed role enhancement by probation.  This information consisted of summaries and debriefs of several individuals with knowledge of the relationships between the Defendant, Mearing and other individuals involved in this matter.  The information which counsel reviewed indicates that an individual named Joseph Olsezewski,[1] was the manager and leader of the money flowing to Mearing and Global.  In this information,

---

[1] Olsezewski retired from government service and was given immunity to cooperate with the United States and never faced prosecution.

Olsezewski is described as the architect of the activities and the Defendant as a player. Olsezewski directed others to do funding sheets regarding the money from the contracts that was going to Global and Mearing and Olsezewski spoke to Mearing and they agreed that Mearing could spend excess money only with the direction from Olsezewski. The fact that the Defendant was aware of, participated in, and agreed to certain wrongful activities, does not justify the enhancement requested by the United States or Probation.

II. 18 U.S.C. § 3553 Factors

The Defendant has no criminal record at all. He had decades of honorable service as a government employee prior to 2010 when he became involved in the conduct which lead to his conviction. The pre-sentence report details at great length the emotional and psychological issues which the Defendant confronted and the personal toll that was exacted by those issues. The Defendant sought treatment for those issues and at this point has them under control due to a combination of self-discipline, counseling and medication. He continues to be under treatment and on medication for these issues.

The Defendant's letter to the Court(the letter is being provided separately to the Court, Probation and the Government) shows that he is an individual who fully understands that his conduct was wrong more importantly demonstrates that he has the insight and self awareness to understand why it occurred. The Defendant received approximately $36,000.00 of computer equipment and associated

hardware over a four year period, most of which was used for work or a combination of work and personal purposes. It cannot be argued or supported by the facts that he lived a lavish lifestyle or received luxury items, vacations , watch, fancy cars, etc. During the entire time of this episode the Defendant received no cash.

Mr. Hutsenpiller immediately began cooperating with the United States when he received notice that he was the target of an investigation. He submitted to multiple lengthy debriefings and was questioned extensively about the activities of Philip Mearing, the owner of Global Enterprise. Mr. Mearing was allowed to plead guilty to an offense with a maximum punishment of 5 years by the United States even though he admitted to defrauding the United States out of over 13 million dollars and was the person who was responsible for providing gratuities to Mr. Hutsenpiller. The Defendant's debriefings and willingness to testify against Mr. Mearing were the instrumental in him pleading guilty. It would be a monstrous sentencing disparity to treat Mr. Hutsenpiller as being in the same category as Mearing. The pre-sentence report does not list Mearing as a related case but he is clearly the individual who was involved for approximately 13 years and profited by at least 13 million dollars. The Court should also note on the issue of sentencing disparity paragraphs 7 and 8 of the pre-sentence report in which other individuals in this. Mr. Deines and Mr. Bricker were both involved in and plead guilty to fraud scheme involving millions of dollars not approximately $36,00.000 of gratuities.

The defense contends that there is a very low to non-existent chance of recidivism in this case and that the need to protect society from future crimes by the Defendant is very low.

The defense requests that the Court vary below the advisory guidelines and initially impose a sentence below that which Kenneth John Deines received. Mr. Deines received 18 months in a case where he defrauded the United States out of over 13 million dollars. A sentence of home confinement and lengthy probation would be appropriate for Mr. Hutsenpiller. The defense will present additional information and argument at the hearing in support of its position.

Respectfully submitted,

WILLIAM R. HUTSENPILLER

/ s /
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar #21756
Attorney for the Defendant
   William R. Hutsenpiller
Shuttleworth, Ruloff, Swain,
   Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Telephone Number: (757) 671-6000
Facsimile Number: (757) 671-6004
Email address: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Stephen W. Haynie, Esquire
Assistant United States Attorney
Attorney for the United States
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
Phone: 757/441-6331
Fax: 757/441-6689
Email address: steve.haynie@usdoj.gov


Leah D. Greathouse, Probation Officer
United States Probation
600 Granby Street, Suite 230
Norfolk, VA 23510


                                              /s/
Lawrence H. Woodward, Jr. Esquire
Virginia State Bar #21756
Attorney for the Defendant,
   William R. Hutsenpiller
Shuttleworth, Ruloff, Swain,
   Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Telephone Number: (757) 671-6000
Facsimile Number: (757) 671-6004
Email address: lwoodward@srgslaw.com