# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

WILLIAM R. HUTSENPILLER

Defendant.

Case Number:   2:17CR00043-001

USM Number:   90981-083

Defendant's Attorney:   Lawrence Woodward, Jr.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18, USC, Section 371 | Conspiracy to Receive Gratuities by a Public Official | Felony | September 2014 | 1 |

As pronounced on October 13, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 13th day of October, 2017.

/s/
Rebecca Beach Smith
Chief Judge

Rebecca Beach Smith
Chief Judge

Case Number: 2:17CR00043-001
Defendant's Name: HUTSENPILLER, WILLIAM R.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FORTY (40) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:
1) The defendant shall undergo a full mental health evaluation and shall receive all appropriate mental health treatment and counseling, in particular for fraud mentality and anger management, and any other mental health issues/addictions that are identified.

2) The defendant shall participate in a substance abuse education and counseling program.

3) The court recommends that the defendant be incarcerated in a facility on the East Coast as close to the State of Florida as possible.

The defendant shall self-report for the service of the sentence at the institution designated by the Bureau of Prisons within forty-five (45) calendar days of October 13, 2017, at or before 3:00 p.m., on the forty-fifth (45th) day. If an institution has not been designated by that time, the defendant shall self-report for service of the sentence to the United States Marshal's Office, 600 Granby Street, Norfolk, VA 23510, forty-five (45) calendar days from October 13, 2017, at or before 3:00 p.m., on the forty-fifth (45th) day.

## RETURN

I have executed this judgment as follows: _____

_____
Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

Case Number: 2:17CR00043-001
Defendant's Name: HUTSENPILLER, WILLIAM R.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:17CR00043-001
Defendant's Name: HUTSENPILLER, WILLIAM R.

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3) The defendant shall provide the probation officer access to any requested financial information.

4) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

5) The defendant is prohibited from engaging in any business or entering into any contract with any government entity.

6) The defendant shall continue to participate in a mental health treatment and counseling program at the direction and discretion of the probation officer. The defendant shall bear the costs of this program.

7) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

8) During the period of supervision, the defendant shall provide a copy of his state and federal income tax returns each year to the probation officer.

9) The defendant shall provide written notification of the nature of his conviction and of his criminal record to any employer he may have during his period of supervised release. A copy of this written notification shall be submitted to the probation officer, and the probation officer shall verify that the defendant's employer received his notification.

10) The court does not deny federal benefits because the denial is not applicable.

Case Number: 2:17CR00043-001  
Defendant's Name: HUTSENPILLER, WILLIAM R.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $35,870.69 |
| **TOTALS:** | $100.00 | $0.00 | $35,870.69 |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

## FORFEITURE

The court entered a Consent Order of Forfeiture on October 13, 2017, which is made a part hereof, thereby becoming a money judgment in the amount of $35,000.00, to the extent all applicable notice and legal requirements set forth in the Consent Order of Forfeiture are met.

## RESTITUTION

See attached Restitution Order entered and filed on September 21, 2017.



FILED
IN OPEN COURT

OCT 13 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:17-CR-43 |
| | ) | |
| WILLIAM R. HUTSENPILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

BASED UPON the defendant's plea agreement with the United States, and FINDING that the requisite nexus exists between the property listed below, in which the defendant has an interest, and the offense(s) to which the defendant has pled guilty, IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 32.2 that:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

> **The sum of $35,000.00, which represents the proceeds the defendant obtained as a result of count 1, and an amount for which the defendant shall be solely liable.**

2. As a result of the acts and omissions by the defendant, the defendant agrees that and Court finds that one or more of the criteria set forth in 21 U.S.C. §853(p)(1) are present here and the United States may seek forfeiture of any other property of the defendant up to the amount set out above pursuant to § 853(p).

3. This forfeiture order shall be included in the judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4). The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

4. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is hereby authorized to conduct any appropriate discovery for the purpose of identifying, locating, or disposing of property subject to forfeiture.

Dated this 13th day of October 2017.

/s/
Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE
Chief Judge

2

I ask for this:
Dana J. Boente
United States Attorney

By: _____
Stephen W. Haynie
Assistant United States Attorney
Virginia State Bar Number 30721
Attorney for the United States
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address: steve.haynie@usdoj.gov


Seen and Agreed
William R. Hutsenpiller
Defendant

By: _____
William R. Hutsenpiller

By: _____
Lawrence H. Woodward, Jr.
Counsel for Defendant
317 30th Street
Virginia Beach, Virginia 23451
Office Number: (757) 671-6047
E-mail Address: lwoodward@srgslaw.com

3



FILED IN OPEN COURT

OCT 13 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:17CR43 |
| | ) | |
| WILLIAM R. HUTSENPILLER, | ) | |
| | ) | |
| *Defendant.* | ) | |

## RESTITUTION ORDER

1. Pursuant to 18 U.S.C § 3663A(a)(1), the defendant is ordered to pay restitution in the amount of **$35,870.69** jointly and severally with Kenneth Deines (2:16CR47), Kenneth Bricker (2:16CR147), and any other defendants who are ordered to pay restitution for the same losses.

2. The amount of restitution paid to any victim, collectively, shall not exceed the victim's total loss from the offenses of conviction.

3. The victim's name, address, and the victim's respective total loss amount is listed in Attachment A to this Restitution Order.

4. Interest:

    _✓_ is waived.

    _____ accrues as provided in 18 U.S.C § 3612(f).

5. Notwithstanding any other provision of this Restitution Order or the sentence imposed, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report. The Government may enforce restitution at any time.

6. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7. If restitution is not paid in full immediately, the defendant shall pay to the Clerk at least $ _400.00_ per month or 25 percent of net income, whichever is greater, beginning 60

days after release from any period of confinement, or 60 days after sentencing if no confinement is imposed.

8. All payments shall be made to the Clerk of Court, United States District Court, 600 Granby Street, Norfolk, Virginia 23510-1811.

9. Within 30 days of (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

/s/
Rebecca Beach Smith
Chief Judge
Honorable Rebecca Beach Smith
Chief United States District Judge

ENTERED this 13th day of Oct., 2017.

at Norfolk, Virginia

WE ASK FOR THIS:

Dana J. Boente
United States Attorney

Stephen Westley Haynie
Assistant United States Attorney
United States Attorney's Office
World Trade Center
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone - 757-441-6331
E-Mail Steve.Haynie@usdoj.gov

SEEN AND AGREED:

William Hutsenpiller
Defendant

Lawrence Woodward Jr.
Counsel for Defendant
Shuttleworth Ruloff Swain Haddad & Morecock PC
317 30th Street
Virginia Beach, Virginia 23451
Telephone (757)-671-6047
E-Mail- lwoodward@srgslaw.com

2

## ATTACHMENT A TO RESTITUTION ORDER

| Victim: | Loss Amount: |
|---|---|
| Command: Mid-Atlantic Regional Maintenance Center, 9727 Avionics Loop Norfolk, VA 23511 Reference: N10078-08-D-5629/8C01 Lines of Accounting: AA1741804 60BA 25450054 068732 2D CMCM20 500544004PTQ | $35,870.69 |
| Total due from defendant: | $35,870.69 |

Case Number: 2:17CR00043-001
Defendant's Name: HUTSENPILLER, WILLIAM R.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

The defendant shall pay to the Clerk at least $400.00 per month, or 25% of net income, whichever is greater, beginning sixty (60) days from the inception of supervised release toward any restitution remaining unpaid. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release and depending upon how much restitution has been paid.

Interest on the restitution is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.